UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOWARD YOST, individually and as next of Friend K.Y., and KEATON YOST, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:18-CV-138-DCP ) |
| WAYNE WILHOIT, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 20].

Now before the Court is Defendants' Motion to Dismiss for Failure to Prosecute, Motion for Sanctions Including Costs and Fees or, in the Alternative, Motion for Sanctions Including Attorney's Fees and Costs and a Continuance of All Unexpired Deadlines as of the Filing of this Motion ("Motion to Dismiss") [Doc. 48]. Plaintiffs have responded in opposition [Doc. 51], and Defendants have replied [Doc. 52]. The Motion is ripe for adjudication. Accordingly, for the reasons further explained below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion [**Doc. 48**].

**I.   POSITIONS OF THE PARTIES**

In their Motion [Doc. 48], Defendants request, pursuant to Federal Rule of Civil Procedure 37(d)(3), that the matter be dismissed due to Plaintiffs' failure to participate in the discovery process and/or to prosecute their case. Specifically, Defendants assert that Plaintiffs failed to appear for their depositions. In the alternative, Defendants request that the Court continue the

matter and extend all unexpired deadlines. In addition, Defendants request that the Court allow them to present a fee and cost petition, requiring Plaintiffs to make a payment of reasonable attorney's fees and costs incurred as a result of defense counsel's scheduling, preparing, and appearing for Plaintiffs' depositions. Specifically, Defendants state that the initial request to take Plaintiffs' depositions occurred during a telephone call on December 17, 2019, wherein Plaintiffs' counsel advised that she would provide Plaintiffs' availability for February 2020. Defendants state that after multiple attempts to schedule Plaintiffs' depositions were ignored, deposition notices ("Notices") [Docs. 42-44] to take Plaintiffs' depositions were issued on February 21, 2020. Defendants also issued subpoenas to Plaintiffs on February 24, 2020. Defendants state that in addition to attending the depositions, Plaintiffs were also requested to bring certain documents. Defendants state that Plaintiffs failed to show or communicate that they would not attend. In support of their Motion, Defendants rely on the Affidavit of Benjamin Lauderback [Doc. 49].

Plaintiffs state that their counsel and defense counsel originally discussed via telephone scheduling the depositions for March 2020. Counsel for Plaintiffs, however, cannot locate any further emails beyond January 24, 2020, from defense counsel. Plaintiffs acknowledge that the Notices were filed in CM/ECF on February 21, 2020. Plaintiffs do not object to an extension of the deadlines given the issues surrounding the COVID-19 pandemic. Plaintiffs argue, however, that Defendants did not comply with Rule 30(g). Plaintiffs state that the Notices were filed prior to the issuance of any state or federal orders regarding COVID-19, but the depositions were scheduled thereafter. Plaintiffs state that no communications about the depositions occurred between their counsel or defense counsel. Further, Plaintiffs argue that Defendants admit that they had not procured Plaintiffs' agreement for taking the depositions. Plaintiffs state that in the normal course of business, Plaintiffs would have appeared and given testimony and produced the

2

documents requested to the extent that they possessed them. Plaintiffs state, however, that in mid-March, the normal course of business was no longer applicable. Plaintiffs state that this matter was overlooked by their counsel. Plaintiffs also blame Defendants, however, arguing that it was not reasonable for them to assume the depositions would occur given the health crisis. Plaintiffs argue that there was no agreement to take the depositions and that to the extent an agreement was inferred, the agreement was withdrawn in light of the events beginning in mid-March. Finally, Plaintiffs argue that dismissal is not an appropriate remedy because the plain text of Rule 45 requires personal service of subpoenas.

Defendants reply [Doc. 52] that Plaintiffs failed to respond to letters, e-mails, telephone calls, faxes, and filings with the Court before they failed to appear for their depositions in this matter. Defendants argue that this is not the first time that Plaintiffs' counsel failed to respond to repeated communications. Defendants state that when they noticed Plaintiffs' depositions, COVID-19 was not at issue. Defendants submit that it was necessary to take Plaintiffs' deposition as scheduled given the approaching deadlines in this case. Defendants argue that Plaintiffs did not call, email, fax, or send a letter or text to notify the others involved in the depositions that Plaintiffs did not intend to appear. Defendants argue that substantial costs were incurred as a result of preparing for, attending, and paying for a court reporter for the depositions. Defendants acknowledge that COVID-19 has caused the postponement and rescheduling of some matters, but they argue that Plaintiffs made no efforts to do so in this case. Defendants argue that they have a right to take depositions without leave of Court. Defendants agree that the normal course of local practice is to agree to depositions dates, but in this case, an agreement was not an option available to them.

3

Case 2:18-cv-00138-DCP   Document 55   Filed 05/29/20   Page 3 of 7   PageID #: 253

## II. ANALYSIS

The Court has considered the parties' arguments as outlined above. Accordingly, for the reasons explained below, the Court **GRANTS IN PART** Defendants' Motion [**Doc. 48**].

As mentioned above, Defendants cite to Rule 37(d). Specifically, Rule 37(d)(1) states that a court may order sanctions if a party fails to appear for his/her deposition after being served with proper notice. Rule 37(d)(3) describes the appropriate sanctions as follows:

> **(3) *Types of Sanctions*.** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Further, one of the sanctions listed in Rule 37(b)(2)(A) include dismissing the action in whole or in part. In determining whether to dismiss this case based on discovery abuses, the Court must weigh the following factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Universal Health Grp. v. Allstate Ins. Co.,* 703 F.3d 953, 956 (6th Cir. 2013) (citing *United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002)). The Court notes, however, that "[d]ismissal is a severe sanction." *O'Dell v. Kelly Servs., Inc.*, No. 15-CV-13511, 2020 WL 1274986, at *3 (E.D. Mich. Mar. 17, 2020).

With respect to the first factor, the Court finds that it weighs in favor of dismissal. Plaintiffs were put on notice of their depositions and failed to attend. Specifically, on January 24, 2020, defense counsel emailed a letter inquiring about setting depositions in March 2020 and requested

Plaintiffs' availability. [Doc. 48-2]. Several days later, on January 30, 2020, defense counsel emailed another letter inquiring about setting Plaintiffs' depositions in March 2020. [*Id.* at 13]. Later, on February 5, 2020, defense counsel sent an email and letter inquiring about Plaintiffs' availability for depositions in March 2020. [*Id.* at 16]. Defense counsel sent a similar email and letter on February 19, 2020. [*Id.*]. In the February 19 correspondence, defense counsel stated that if he did not hear from Plaintiffs by February 21, he had no choice but to issue notices and subpoenas for Plaintiffs' depositions. [*Id.*]. Defendants filed the Notices on February 21, 2020, which set the depositions for March 31, 2020. Defendants also served subpoenas via Plaintiffs' counsel [Docs. 45-47].[1]

Plaintiffs assert that Defendants acknowledged that they did not procure the agreement of Plaintiffs for taking the depositions. The Court agrees that the normal practice and preference is to set depositions by agreement, as opposed to unilaterally scheduling depositions. As demonstrated above, however, Plaintiffs were not responsive to Defendants' multiple attempts to schedule the depositions by agreement. Defendants were forced to set the depositions unilaterally. Further, the Court also acknowledges that in March, concerns regarding COVID-19 were becoming more prevalent. This, however, does not excuse Plaintiffs' failure to attend the depositions without communicating with defense counsel or seeking relief from the depositions with the Court. Plaintiffs argue that under Rule 30(g), a party expecting a deposition to be taken may recover reasonable expenses if the other party does not attend, but that Defendants had no reasonable expectation the depositions would occur in the midst of the pandemic. Defendants have

---

[1] Plaintiffs complain that the subpoenas were not personally served on them, but subpoenas are not required if the person to be deposed is a party. *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) ("A subpoena is not necessary if the person to be examined is a party.").

5

established through the multiple correspondences and Notices that they expected the depositions to occur. Accordingly, the Court finds that the first factor weighs in favor of dismissing this case.

Further, the Court finds the second factor—that is, whether Defendants were prejudiced, weighs in favor of dismissing this case. Defendants prepared for and attended the depositions. Because Plaintiffs failed to attend their depositions, discovery has been stalled and all deadlines will need to be amended. Accordingly, the Court finds that this factor weighs in favor of dismissing this case.

The Court, however, has considered the last two factors and finds that they do not weigh in favor of dismissing this case. Plaintiffs have not been warned that a failure to cooperate could lead to a dismissal of their lawsuit. Finally, the Court finds less drastic sanctions have not been imposed but would be more appropriate than dismissal under these circumstances. Accordingly, after considering the factors above, the Court finds dismissal is not appropriate and that less drastic sanctions are proper.

The Court finds that Defendants are entitled to the reasonable attorney's fees and costs incurred for appearing for the depositions and preparing and filing the Notices. *Hairston v. UAW Region 2-B*, No. 3:09CV416, 2009 WL 3698487, at *4 (N.D. Ohio Nov. 4, 2009) (finding plaintiff's failure to attend his own deposition or to notify defendants in a timely fashion prior to the deposition of his unavailability merits sanctions.). The Court declines to award Defendants the costs incurred as a result of preparing for the depositions because Defendants' preparation will be utilized when Plaintiffs are deposed. In addition, with respect to the fees incurred for scheduling the depositions and serving the subpoenas, several of the letters discussed other matters and the subpoenas were not necessary.

6

Case 2:18-cv-00138-DCP   Document 55   Filed 05/29/20   Page 6 of 7   PageID #: 256

In awarding these sanctions, the Court has considered the circumstances surrounding Plaintiffs' failure to appear. As mentioned above, while concerns over COVID-19 were becoming more prevalent, the appropriate course of action would have been to discuss the depositions with Defendants or contact the Court. Simply ignoring or overlooking the Notices was not an appropriate response. Further, the Court notes that this is not the first time Plaintiffs have failed to comply with their discovery obligations. *See* [Doc. 41]. Thus, the Court finds an award of attorney's fees and costs is appropriate.

Accordingly, the parties **SHALL** meet and confer to agree upon reasonable attorney's fees for Plaintiffs' failure to attend their depositions. If the parties cannot agree on a reasonable amount, Defendant **SHALL** file a petition with the Court, within twenty-one (21) days, outlining the requested fees and their position on why such fees are reasonable. Plaintiffs **SHALL** respond within fourteen (14) days of Defendants' filing.

### III. CONCLUSION

Accordingly, Defendants' Motion to Dismiss for Failure to Prosecute, Motion for Sanctions Including Costs and Fees or, in the Alternative, Motion for Sanctions Including Attorney's Fees and Costs and a Continuance of All Unexpired Deadlines as of the Filing of this Motion ("Motion to Dismiss") [**Doc. 48**] is **GRANTED IN PART AND DENIED IN PART.** The Court will contact the parties to set a scheduling conference in this matter.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge