UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOWARD YOST, individually and as next of Friend K.Y., and KEATON YOST, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:18-CV-138-DCP ) |
| WAYNE WILHOIT, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 20].

This matter is before the Court on the Defendants' Motion Asking the Court to Enforce Previous Order. [Doc. 62]. Defendants contend that the check offered by Plaintiffs to pay their Court ordered sanctions [*see* Doc. 55] was dishonored because of insufficient funds. A redacted copy of the dishonored check is attached to the motion. [Doc. 62-1].

The original sanctions in this matter were Ordered pursuant to Rule 37(d)(3) of the Federal Rules of Civil Procedure for Plaintiffs' failure to appear at their depositions noticed by Defendants. [Doc. 55]. The Court found that an award of attorney's fees related to the filing of the then pending motion for sanctions [Doc. 48] was appropriate. The parties were ordered to meet and confer to discuss the reasonable fees incurred in relation to the motion, and the parties agreed to the amount of $1,394.20. [Doc. 62]. Plaintiffs' counsel, attorney Trujillo, issued a check to defense counsel, but the check was dishonored for insufficient funds. [Doc. 62].

Plaintiffs concede that the check was dishonored. [Doc. 76]. In their defense, Plaintiffs assert that attorney Trujillo has endured a series of family tragedies in the recent past, including during the week the check was issued, and inadvertently failed to transfer funds "from her personal account to her firm operating account." [Doc. 76 at p. 1]. Attorney Trujillo agrees to personally pay the $1,394.20 in sanctions previously Ordered. [S*ee* Doc. 55].

Defendants also seek additional sanctions for having to bring the instant motion regarding the dishonored check. The parties met and conferred regarding the amount of such additional sanctions, and the parties agree that an additional sanction of $234.00 would be reasonable to cover the attorney's fees related to the instant motion, resulting in a total amount of $1,628.20[1]. [Doc. 76 at p.2].

Because of the dishonored check issued by Attorney Trujillo, there was some dispute between the parties as to what form the payment would be made in, and whether the payment would be made by Plaintiffs directly, or by attorney Trujillo. In their reply, Defendants state that they have no objection to Plaintiffs submitting a cashier's check in the amount of $1,628.20 within thirty days of September 18, 2020. [Doc. 77].

In ordering the imposition of sanctions in the form of attorney's fees, the Court's Order did not specify whether the sanctions were to be paid directly by Plaintiffs, or by Plaintiffs' Counsel. [Doc. 55]. Rule 37 allows the Court to order sanctions against "the party failing to act, the attorney advising that party, or both." Fed. R. Civ. P. 37(d)(3). While the Court notes that attorney Trujillo has accepted responsibility in this matter, the Court declines to impose the sanction specifically as to only Plaintiffs or their counsel. Rather, both Plaintiffs and attorney Trujillo are jointly liable for the $1,628.20 sanction now at issue. However, in light of the dishonored personal check

---

[1] The Court notes that the attorneys cite a figure of $1,629.20, but $1,394.20 plus $234.00 equals $1,628.20.

tendered for the original sanctions amount, the Court agrees that the sanctions now at issue should be paid for by cashier's check, so as to ensure the payment is honored.

Finally, the only remaining issue is the date by when payment must be made. While the Court is sympathetic to attorney Trujillo's personal hardships, the attempted payment of Court ordered sanctions through a dishonored check is a significant problem, one which should be remedied expeditiously. Payment must be made on or before October 8, 2020.

Accordingly, the Court finds that, for the reasons stated more fully above, and for good cause shown, Defendants' Motion **[Doc. 62]** is hereby **GRANTED**. It is hereby **ORDERED** that Plaintiffs and Plaintiffs' counsel are jointly liable for a sanction in the form of attorney's fees in the total amount of **$1,628.20**, which **SHALL** be paid by cashier's check to defense counsel on or before **October 8, 2020**. Plaintiffs and their counsel are **ADMONISHED** that failure to comply with this Order could result in the imposition of additional sanctions, up to and including the dismissal of this case.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge