UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| HOWARD YOST, individually and as next of Friend K.Y., and KEATON YOST, )<br><br>Plaintiffs, )<br><br>v. )<br><br>WAYNE WILHOIT, et al., )<br><br>Defendants. ) | No. 2:18-CV-138-DCP |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 20].

The parties appeared before the Court on November 15, 2021, for a scheduled pretrial conference. Attorneys Edward Kershaw and Francis Santore, Jr., appeared on behalf of Plaintiffs. Attorneys Benjamin Lauderback and Brian Bibb appeared on behalf of Defendants. During the pretrial conference, the parties presented oral arguments on Defendant's Motions in Limine [Docs. 113-115]. The parties agreed that the Court's Memorandum and Order [Doc. 124] mooted Defendant's Motion in Limine [Doc. 114], and therefore, the Court **DENIES AS MOOT** Motion in Limine No. 2 [**Doc. 114**]. Accordingly, for the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motions in Limine [**Docs. 113, 115**]. Specifically, the Court will exclude evidence regarding Alan Yost's lost wage claim but will allow Plaintiffs to present testimony regarding their emotional distress damages.

Defendant's remaining Motions in Limine [Docs. 113, 115] request that the Court preclude Plaintiffs from presenting evidence of their damages in this case. Specifically, in Motion in Limine

No. 1 [Doc. 113], Defendant states that the Court should instruct the jury that it can only award nominal damages for Plaintiffs' claims. For grounds, Defendant asserts that Plaintiffs never served initial disclosures, despite the mandatory language in Federal Rule of Civil Procedure 26(a) to provide a computation of each category of damages claimed. Defendants state that Rule 37(c) mandates exclusion and that Plaintiffs should be barred from presenting evidence of damages, including lost wages, lost income, or damages of any kind.

Defendant's Motion in Limine [Doc. 115] specifically requests exclusion of Alan Yost's claim for lost wages for similar reasons.[1] Defendant explains that in response to discovery, Alan Yost stated that he had lost his job with One Communications, which paid approximately $65,000 per year, plus living expenses. [Doc. 115-1 at 3]. In addition, Alan Yost produced an unauthenticated document, which states that Alan Yost was hired by One Communications and that his pay was based on production work. [Doc. 115-2].

Plaintiffs respond [Doc. 118] that mental distress, humiliation, loss of reputation, and other general pain and suffering are largely unquantifiable and must be left to the jury. Plaintiffs intend to claim damages for emotional distress and lost wages, which they argue were addressed through written discovery and depositions. Plaintiffs further state that the Court may limit the scope of Alan Yost's testimony regarding his lost wages but argue there is no basis to exclude such evidence in its entirety.

Defendant replies [Docs. 130, 131] that the Court dismissed Plaintiffs' emotional distress claim, which means that the only damages Plaintiffs can claim are lost wages. Defendant states

---

[1] The Court notes that the caption of this case names Howard Yost and K.Y. as Plaintiffs. During the pretrial conference, Plaintiffs stated that Howard Yost prefers to be called, "Alan Yost," and therefore, the Court will refer to Howard Yost as Alan Yost. In addition, Plaintiffs stated that Plaintiff K.Y. has reached the age of majority, and therefore, they intend to refer to Plaintiff K.Y. as "Kameron Yost." The Court will follow suit.

that it is undisputed that neither Keaton Yost nor Kameron Yost have a lost wage claim. Defendant maintains that none of the Plaintiffs submitted a computation and that Alan Yost failed to supplement his discovery responses regarding lost wages as required by the Rules. Defendant also asserts that during Alan Yost's deposition, it was evident that he did not have personal knowledge about his lost wage claim.

During the pretrial conference, Plaintiffs agreed that neither Keaton Yost nor Kameron Yost has a claim for lost wages. With respect to Alan Yost's claim for lost wages, Plaintiffs acknowledge that he did not submit initial disclosures, and therefore, did not provide a computation. The Court notes that Defendant served Alan Yost with a Second Request for Production of Documents ("RFP"), requesting that he itemize all lost wages and other economic damages claimed as a result of the incident, setting out the specific amount for each and the timeframe for all. Alan Yost responded as follows:

> The Plaintiff lost his employment with One Communications, which paid approximately $65,000 per year plus living expenses. It was expected that such employment would continue for 18 months. The Plaintiff as unable to find comparable work despite his efforts to do so as identified in the prior responses to discovery.

[Doc. 115-1 at 3]. Defendant also requested "any and all documents" related to Plaintiffs' individual claims for damages. [Doc. 131 at 2]. In response, Alan Yost provided an undated letter, from the construction manager of One Communications, stating that Alan Yost had been hired as a contract employee and that his pay was based on production work. [Doc. 115-2]. The letter explains that Alan Yost will be a major contributor to Bermuda's network upgrade, which is scheduled to be completed within the next 18 months. [*Id.*]. Finally, during his deposition, Alan Yost stated that he could not calculate his lost wages without a calculator and that he did not have pay stubs from his employer because the money was directly deposited into his bank account.

3

[Doc. 115-3 at 2-3]. Alan Yost testified that in order to provide a figure for lost wages, he would need to look at his hours and use a calculator. [Doc. 115-3 at 5]. He explained that on average, he worked 55 to 65 hours, and he was paid $65 per hour. [*Id.*]. He continued that his lowest paycheck for three (3) days was $4,300 or $4,500. [*Id.*]. Alan Yost also explained that when he worked for One Communications, he would work for thirty (30) days and then be off for seven (7) to ten (10) days. [Doc. 131-2 at 2].

In the instant matter, the Court agrees with Defendant. Rule 26 requires a party to provide the opposing party "a computation of each category of damages claimed" as well as "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.,* 596 F.3d 357, 366–67 (6th Cir. 2010) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)). Courts have explained that the "documentation and evidence required by Rule 26 must be sufficient to allow the opposing party to 'independently analyze' the claim." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2016 WL 4468000, at *5 (N.D. Ohio Aug. 23, 2016) (citing *Bessemer*, 596 F.3d at 370). Rule 26(e) places an ongoing duty on parties to supplement disclosures. Fed. R. Civ. P. 26(e).

Should a party fail to provide information as required under Rule 26(a) or (e), the party is not allowed to use that information at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c). Courts have explained, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015), *aff'd*, 665 F. App'x 435 (6th Cir. 2016) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d

776, 782 (6th Cir. 2003)). The burden is on the potentially sanctioned party to prove harmlessness. *Id.* (citing *Roberts ex rel. Johnson*, 325 F.3d at 782).

As mentioned above, it is undisputed that Alan Yost did not provide initial disclosures, and therefore, he never provided a computation for lost wages with supporting documents. Alan Yost does not specifically argue that his failure to make initial disclosures is harmless or substantially justified; however, he argues that in response to RFP No. 8, he stated that he lost his employment with One Communications, which paid approximately $65,000 per year, plus living expenses and that such employment would continue for 18 months. There are several issues, however, with Alan Yost's response. First, the Court notes that RFP No. 8 requests that Alan Yost "[i]temize all lost wages and other economic damages." [Doc. 115-1 at 3]. The Court does not find Alan Yost's approximation of his lost wages to be the equivalent of providing an itemization. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 420 (6th Cir. 2001) ("Additionally, Plaintiff's Statement of Economic Loss contains no information relating to hours worked or hourly pay, information essential to calculating lost wages."). Second, Alan Yost did not provide any documents to support his claim. The only document Alan Yost provided, [Doc. 115-2], states that his pay is based on production rate. Finally, it is not clear if Alan Yost is claiming his yearly pay of $65,000 or more given that his employment was expected to last beyond a year (i.e., 18 months).

The Court has also reviewed Alan Yost's deposition to determine whether he was able to provide Defendant with a computation and support thereof. Defendant argues that during Alan Yost's deposition, he was unable to provide the amount of his lost wages. As summarized above, Alan Yost states that he could not calculate his lost wages without a calculator and that he would need to look at his hours.[2] He further explained that on average, he worked 55 to 65 hours a week

---

[2] The Court also notes that during Alan Yost's deposition, he testified that he did not have

and was paid $65 per hour. Alan Yost also testified that with One Communications, he would work thirty (30) days and then be off for seven (7) to ten (10) days. Even with this information, however, the Court is not sure how Alan Yost approximated his lost wages to be $65,000 per year. Stated in a different way, after Alan Yost's deposition, it is still impossible for Defendant to know what Alan Yost is claiming, how that number was reached, and what documents form the basis of his lost wages claim.

The Court finds the instant situation similar to the issue in *Detrick v. 84 Lumber Company*, a construction dispute case, where plaintiffs claimed damages for dumpster removal, and the court excluded such damages under Rule 37. No. 1:06CV2732, at *9 (N.D. Ohio Jan. 25, 2008), *on reconsideration in part,* No. 1:06CV2732, 2008 WL 11381821 (N.D. Ohio Mar. 31, 2008). Specifically, plaintiffs produced initial disclosures that simply stated his categories of damages without computations. *Id.* at *2. In response to discovery, the plaintiffs provided ranges of damages but noted that damages had not been calculated. *Id.* at *2-3. The plaintiffs later produced two larger binders of documents containing invoices but did not indicate which invoices related to the damages that they were seeking. *Id.* The defendant moved to compel disclosure, and following a hearing on the motion, plaintiffs agreed to supplement their discovery. *Id.* Instead of producing a computation, however, the plaintiffs produced a document entitled, "very rough estimate of damages" ("Rough Estimate"). *Id.* at *3. The Rough Estimate included a bare figure ($7,000) for dumpster removal. *Id.* at 9. The defendant filed a motion in limine to preclude these damages. *Id.* at *1.

---

pay stubs because his employer directly deposited the money into his account. [Doc. 115-3 at 3]. During discovery, Defendant requested a copy of each paycheck, paystub, and/or direct deposit notice, but Plaintiff responded that he is researching his bank records and will provide such information as a supplement to this answer. [Doc. 115-1 at 3]. There is nothing before the Court establishing that Alan Yost supplemented this discovery request as promised.

In excluding such damages, the court noted that there was no indication of how the plaintiffs reached the calculation. *Id.* at *9. The court also observed that the plaintiffs failed to make available documents upon which the figure was based. *Id*. During a deposition, a plaintiff testified that he paid for the dumpster removal with a check from his business account, but the plaintiffs never produced that check to defendant. *Id*. The court stated, "Thus, the Detrick's failed to provide a computation or calculation for Tri-County Dumpster Removal and the Court finds that it would be virtually impossible for 84 Lumber to discern how they arrived at this figure." *Id*. The court found that the plaintiffs violated Rule 26 and without substantial justification, the violation was not harmless. *Id*. The court excluded the evidence as a sanction. *Id.*

Similarly, it is unclear as to how Alan Yost arrived at his lost wages claim. He provided an approximation in response to RFP No. 8 and produced a document purportedly from One Communication that provides no analysis. *See* [Doc. 115-2] (Alan Yost's pay is based on production work). Alan Yost's deposition testimony is equally unhelpful. Accordingly, under these circumstances, the Court finds Alan Yost's omission was not harmless or substantially justified under Rule 37(c).

The Court has considered the appropriate sanction, and the Court finds exclusion is warranted. Defendant is prejudiced by Alan Yost's non-disclosure because on the eve of trial, it is still not clear the specific amount of damages Alan Yost seeks for his lost wage claim, and there is no supporting documentation showing his lost wages. Further, it is too late to take additional discovery because the parties' efforts should be focused on trial preparation and not discovering basic facts.

As a final matter, Plaintiffs argued during the pretrial conference that Defendant could cross examine Alan Yost regarding the lack of support for his lost wage claim. It is well

recognized, however, that pretrial discovery is supposed to make "a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U.S. v. Procter & Gamble Co.,* 356 U.S. 677, 682, (1958). Requiring Defendant to cross examine Alan Yost about damages for which he did not properly disclose would turn the trial into a game of blind man's buff. Accordingly, the Court **EXCLUDES** evidence regarding Alan Yost's claim for lost wages.

With respect to Plaintiffs' emotional distress damages, the Court will not preclude Plaintiffs from testifying about their emotional distress.[3] Defendant states that the Court dismissed Plaintiffs' only emotional distress tort, and therefore, has already held that Plaintiffs are not entitled to emotional distress damages. In the Memorandum and Order, the Court dismissed Plaintiffs' claims for intentional infliction of emotional distress given that "cases finding conduct sufficient to support an intentional infliction of emotional distress claim are few and far between." *Cossairt v. Jarrett Builders, Inc.*, 292 F. Supp. 3d 779, 789 (M.D. Tenn. 2018).[4] This finding, however, is not the equivalent of finding that Plaintiffs are not entitled to emotional distress damages for their other causes of action. Accordingly, Defendant's argument on this point is not well taken.

Further, although Defendant argues that Plaintiffs failed to provide a computation of their emotional distress damages, many courts have held, "Compensatory damages for emotional distress, however, are generally not subject to the disclosure requirement of Rule 26 (a)(1)(A)(iii)

---

[3] It does not appear to the Court that Plaintiffs intend to offer any other evidence other than their own testimonies.

[4] For instance, one case that is regularly cited for intentional infliction of emotional distress is *Johnson v. Woman's Hosp.*, 517 S.W.2d 133 (Tenn. Ct. App. 1975), where a mother was shown her deceased premature baby in a gallon jar of formaldehyde. As explained in the Memorandum and Order [Doc. 124], the undisputed facts in this case do not rise to this type of emotional harm.

and are typically considered a fact issue for the factfinder." *Torres v. Precision Indus., In*c., 437 F. Supp. 3d 623, 645–46 (W.D. Tenn. 2020) (citing *Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are *necessarily vague* and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)[ (A)(iii) ].")) (emphasis in *Torres*), *aff'd as modified,* 995 F.3d 485 (6th Cir. 2021); *see also Evenson v. Palisades Collection, LLC*, No. 2:13-CV-1226, 2014 WL 5089429, at *4 (S.D. Ohio Oct. 9, 2014) ("In addition, courts have generally recognized that emotional distress and punitive damages are typically not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii), and have held that the failure to disclose a number or calculation for such damages was substantially justified."). Given that Defendant was able to depose all three Plaintiffs and had the opportunity to inquire about their emotional distress, the Court will not preclude Plaintiffs from testifying about their emotional distress from the incident.[5]

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[5] The Court notes, however, that given that Plaintiffs have not provided a computation to Defendant, during trial, Plaintiffs will not be permitted to offer a computation to the jury for emotional distress. *E.E.O.C. v. Wal-Mart Stores, Inc.,* 276 F.R.D. 637, 639–40 (E.D. Wash. 2011) (denying defendant's motion to compel a specific computation for emotional distress damages but noting that plaintiff cannot suggest a specific amount to the jury if plaintiff fails to provide defendant with a specific computation).